UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.                                          Case No: 8:14-cv-2593-T-30AEP

GREENWAY HEALTH, LLC and JOHN
DOE 1-10,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Class Certification and Request for Status Conference (Dkt. #4). Upon review and consideration, the Court denies the motion to certify class as premature and denies the request for status conference as moot.

On October 14, 2014, Plaintiff Physician Health Source, Inc. commenced a putative class action alleging violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 based on the Defendants' unsolicited facsimiles.

On October 16, 2014, prior to Defendants filing a response to the complaint, Plaintiff filed its Motion for Class Certification. Plaintiff cites to *Damasco v. Clearwire*, 662 F.3d 891, 896-97 (7th Cir. 2011). In *Damasco*, the Seventh Circuit noted that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their

complaint.   The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs…."  *Id.*   Therefore, Plaintiff requests that the Court stay the briefing and consideration of the Motion for an unspecified amount of time.

Plaintiff's Motion is premature.  It was filed prior to a response from the Defendants and prior to the commencement of discovery.  Plaintiff's lone citation to *Damasco* to justify its strategy in filing the motion at this early juncture is unpersuasive. *Damasco* is not binding on this Court and it is doubtful that the Eleventh Circuit would adopt a similar approach.   *See Church v. Accretive Health, Inc.*, 2014 WL 1623787, at *1-*2 (S.D. Ala. April 24, 2014) (discussing same).  Further, as set forth by the court in *Accretive Health*,

> As the foregoing discussion demonstrates, there is precious little reason to believe that the two-step dance Church proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. The premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view. The Eleventh Circuit has not accepted it. Plaintiff offers no indication that the Eleventh Circuit would ever be inclined to adopt it, as indeed most other federal courts have not. Even district courts in the Seventh Circuit (which propounded that minority review) appear to allow the continued safety hatch of a two-week window after an offer of judgment is made for the plaintiff to file a class certification motion. There is no evidence and no reason to believe that Accretive will engage in such a frowned-upon "picking off" strategy here. And the underlying principle that any offer of judgment for complete relief would moot Church's claims even if she did not accept it has recently faced a withering attack from four U.S. Supreme Court Justices, with no rebuttal from the others. For all of these reasons, the Court concludes that Church's "placeholder" Motion for Class Certification is highly unlikely to confer any meaningful benefit or protection on plaintiff.

*Id.* at *2-*3.

Moreover, Plaintiff's strategy comes with a cost. It burdens the Court with an obviously premature motion which would remain on the Court's docket as pending for an unspecified period of time. *See id.* at *3 ("Plaintiff's straight-out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy.").

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Class Certification and Request for Status Conference (Dkt. #4) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2593 class cert premature.docx